UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>v.                                                           )<br>)<br>ALAN R. AKERS,                               )<br>)<br>Defendant.                     )<br>                                                            ) | Cr. No. 97-0072-01 (TFH) |

## MEMORANDUM OPINION

Pending before the Court are Akers' "Motion To Be Relieved From Final Judgment Pursuant to Rule 60(b)(6) Of the Federal Rules Of Civil Procedure" (# 167) and the government's motion to transfer Akers' motion to the United States Court of Appeals for the District of Columbia Circuit (# 170). Upon consideration of the motions, Akers' opposition, and the record, the Court will grant the government's motion and, accordingly, transfer Akers' motion to the court of appeals.

I.

On March 23, 1998, Akers pled guilty to conspiring to distribute and possessing with intent to distribute cocaine, cocaine base, and heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(iii). The Honorable Thomas Penfield Jackson sentenced Akers on July 10, 1998, to 240 months' imprisonment and 10 years' supervised release. Ex. D, Gov't Transfer Mot. The court of appeals summarily dismissed Akers' appeal. Order, *United States v. Alan R. Akers*, No. 98-3105 (D.C. Cir. Nov. 5, 1999).

Subsequently, Akers moved to vacate, set aside or correct his sentence pursuant to 28

U.S.C. § 2255, advancing the following grounds for relief:

> (1) an involuntary and unknowing guilty plea due to his having been under the influence of heroin during all relevant judicial proceedings; (2) ineffective assistance of counsel based on each of his attorneys failing to either adequately prepare for trial or apprize the court of his continued drug addiction and "incompetency" to stand trial; (3) double jeopardy in having to forfeit certain properties associated with his drug conviction; and (4) improper involvement of the court in plea negotiations and acceptance.

Memorandum and Order, *United States v. Alan R. Akers*, No. 97-0072 (D.D.C. Aug. 9, 2002). Judge Jackson denied Akers' § 2255 motion on April 2, 2002, Order, *United States v. Alan R. Akers*, No. 97-0072 (D.D.C. April 2, 2002), and, on August 9, 2002, denied Akers' motion for a certificate of appealability, Memorandum and Order, *United States v. Alan R. Akers*, No. 97-0072 (D.D.C. Aug. 9, 2002).

In his instant motion, Akers asks this Court to vacate his conviction and sentence, alleging that Judge Jackson violated his Sixth Amendment right to effective assistance of counsel by freezing his assets pretrial and, thus, leaving him without the means to hire counsel of his choice. As stated, Akers styles his motion as one pursuant to Rule 60(b), Fed. R. Civ. P. The government contends Akers' motion is in substance, however, one pursuant to 28 U.S.C. § 2255. Because Akers previously filed an unsuccessful § 2255 motion, his instant motion, according to the government, is a second or successive motion that, absent certification from the court of appeals, is not properly before this Court.

### II.

Regardless of how a pro se prisoner styles his motion, a court must review the motion based on its substance. *See Gonzales v. Crosby*, 545 U.S. 524, 531 (2005) (holding that a court should treat a Rule 60(b) motion that presents omitted claims of constitutional error as a

successive habeas petition under 28 U.S.C. § 2254); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) ("[T]he proper treatment of [a 60(b)] motion depends on the nature of the claims presented."). Generally, a motion pursuant to Rule 60(b) seeks a remedy for some defect in the collateral review process.[1] *See Winestock*, 340 F.3d at 207. By contrast, an attack on a prisoner's conviction or sentence is tantamount to a § 2255 motion.[2] *See id.* at 207-08 (concluding that district court should have treated prisoner's motion as a successive § 2255 application because the claims therein related to the validity of the underlying criminal judgment); 28 U.S.C. § 2255. A district court is without jurisdiction to entertain a "second or successive" § 2255 motion unless the court of appeals first authorizes the filing of such motion. *See* 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals...."); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Winestock*, 340 F.3d at 205.

---

[1] Rule 60(b) provides that a court may relieve a party from a final judgment or order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

[2] In pertinent part, 28 U.S.C. § 2255 provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

### III.

Because Akers' motion collaterally attacks his conviction by alleging constitutional error in the underlying criminal judgment, the Court will construe the motion as one brought pursuant to 28 U.S.C. § 2255.[3] Indeed, as stated, Akers moves this Court to vacate his conviction and sentence, alleging Judge Jackson's order freezing his assets resulted in a violation of his Sixth Amendment right to effective assistance of counsel because the order prevented him from retaining counsel of his choice. Pet'r Mot. 18. Akers' claim, therefore, asserts a constitutional basis for relief from the underlying criminal judgment, not a challenge to the Court's denial of his previous § 2255 motion. Consequently, Akers' motion is properly considered as one pursuant to § 2255. *See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (holding that a Rule 60(b) motion is a second or successive § 2255 petition if it "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction").

Because Akers filed a previous motion pursuant to § 2255, Akers' instant motion constitutes a successive § 2255 motion. The court of appeals has not authorized the filing of Akers' motion; thus, this Court is without jurisdiction over the matter. *See* 28 U.S.C. § 2244(b)(3) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Therefore, pursuant to 28 U.S.C. § 1631, the Court will transfer Akers' motion to the court of appeals for authorization under 28 U.S.C. § 2244.

---

[3] Although the Supreme Court in *Castro v. United States*, 540 U.S. 375 (2003), held that a court cannot recharacterize a pro se motion as an initial § 2255 motion without first notifying the movant and allowing the movant to withdraw or amend the pleading, this Court need not do the same for a second or successive motion, *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005).

**IV.**

For the foregoing reasons, the Court will grant the government's motion and transfer Akers' motion to the Court of Appeals for the District of Columbia Circuit for it to determine whether to authorize Akers to file his motion. An appropriate order accompanies this Memorandum Opinion.

November 6, 2007

                                              Thomas F. Hogan
                                              Chief Judge

Copies to:

Alan R. Akers, Fed. Reg. No. 02965-016
Delaware Hall, F.C.I. Petersburg Low
P.O. Box 1000
Petersburg, VA 23804

United States Attorney's Office
Special Proceedings Division
555 4th Street, NW, Room 10-450
Washington, DC 20530